# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6709 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Edwards vs. Sutton et al. | | |

**DOCKET ENTRY TEXT**

Opinion:
Defendants' motions to dismiss [29, 31, 33] are entered and continued. Within fourteen days, plaintiff William Edwards may file a motion to extend the deadline to effectuate service on defendant Jerry Sutton. If Edwards' files no motion or his motion does not show good cause for failure to serve Sutton before now, the complaint will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1367(c).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff William Edwards filed a five count complaint against defendants Jerry Sutton, Star Security Agency ("Star"), Securitas Security Services USA Inc. ("Securitas"), and the Chicago Transit Authority ("CTA"). According to the complaint, CTA contracts with Securitas to provide security aboard CTA trains. Securitas contracts with Star, the company that employed Sutton.

Edwards alleges that in October 2004 he was passing between cars on a CTA train and accidentally struck a security dog with the train door. The dog was under the control of Sutton who became upset by the incident. Sutton and another security guard accused Edwards of possessing narcotics and took him off the train at the next stop. After Sutton and the other guard searched Edwards, Sutton produced a bag of crack cocaine and marijuana and falsely claimed that he found the drugs on Edwards. Sutton then called the police and detained Edwards in the ticketing agent's bathroom for approximately thirty minutes until two Chicago police officers arrived.

Chicago police officers arrested Edwards and charged him with possession of a controlled substance. Edwards was held in pre-trial detention at the Cook County jail for seven months, and, at trial in March 2005, Edwards was convicted of possession of a controlled substance and sentenced to thirty months of probation; he was released for time served. Edwards appealed, and, in May 2008, the conviction was vacated. After the case was remanded for a new trial, the State decided not to prosecute Edwards and the charges were dropped.

Edwards filed his original complaint on October 23, 2009. Before defendants answered or moved to dismiss, Edwards filed a first amended complaint on December 23, 2009, a second amended complaint on January 11, 2010, and a third amended complaint on January 28, 2010. Defendants moved to dismiss, and, shortly thereafter, Edwards filed his fourth amended complaint on February 26, 2010. Defendants Star, Securitas, and CTA each filed separate motions to dismiss in March 2010. (Docs. 29, 31, 33.)

## STATEMENT

Count I of the complaint, brought under 42 U.S.C. § 1983, alleges that Sutton, acting under color of law, violated Edwards' constitutional right to due process of law. The remaining counts of the complaint allege claims of malicious prosecution under Illinois law against each of the defendants. Defendants' principal argument in favor of dismissal is that Edwards has not adequately pled facts suggesting that Sutton was acting under color of law. The court need not address that argument at this time because, as explained below, it appears there is another basis for dismissing this action.

Although Edwards named Sutton as a defendant in the original complaint, the docket reflects that Edwards has yet to serve Sutton. Sutton has not filed an appearance. At a status hearing on March 24, 2010, counsel for Edwards informed the court that he was having difficulty finding Sutton and asked for sixty additional days. The court extended the time to effectuate service until May 24, 2010. (Doc. 32.) Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The May 24 deadline to serve Sutton has now passed. The docket reflects that no summons has issued or been returned since the March 24 status hearing. Defendants have not asked the court to dismiss Edwards' claims against Sutton, but the court can dismiss on its own after notice to the plaintiff. Accordingly, the court grants Edwards fourteen days to file a motion to extend the time to effectuate service on Sutton. Additional time will be permitted only on a showing of good cause. Otherwise, the court "must dismiss" the claims against Sutton without prejudice pursuant to Rule 4(m). "Good cause" is not defined by the rules, but "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990).

Sutton appears to be the only defendant named in Count I, the § 1983 claim. If that claim is dismissed, the court sees no reason to retain jurisdiction over the state law claims, and the remainder of the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").