# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6709 | **DATE** | 2/9/2011 |
| **CASE TITLE** | Edwards vs. Sutton et al. | | |

**DOCKET ENTRY TEXT**

Opinion:
Plaintiff William Edwards' Motion for Default Judgment [47] granted in so far that order of default is entered against defendant Jerry Sutton. A hearing for prove-up of damages against defendant Sutton is set for 3/2/2011 at 9:30AM. Defendant Star Detective and Security Agency, Inc.'s ("Star's") Motion for Ruling on its 12(b)(1) and 12(b)(6) Motion to Dismiss [49] is granted. For reasons stated below, Star's Motion to Dismiss [29] is denied. Defendant Securitas Security Services USA, Inc.'s Motion to Dismiss [31] is denied. Defendant Chicago Transit Authority's Motion to Dismiss [33] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff William Edwards filed a five count complaint against defendants Jerry Sutton, Star Detective and Security Agency, Inc. ("Star"), Securitas Security Services USA, Inc. ("Securitas"), and the Chicago Transit Authority ("CTA"). The first count alleges that Sutton, a security guard on CTA trains, violated Edwards' constitutional right to due process of law in violation of 42 U.S.C § 1983. The complaint alleges that Sutton planted cocaine and marijuana on Edwards. Sutton then called the Chicago police who arrested Edwards. Edwards was convicted of possession of a controlled substance. But his conviction was vacated on appeal, and the state declined to re-prosecute. The remaining counts of the complaint assert malicious prosecution claims under Illinois law against Sutton, Star, Securitas, and CTA. Defendants Star, Securitas and CTA have moved to dismiss. (Docs. 29, 31, 33.)

In a previous order, the court noted that Edwards had failed to serve the complaint on Sutton, the only defendant against whom Edwards alleges a § 1983 claim. If Sutton could not be served, then the court would have had no basis to exercise subject matter jurisdiction. (Doc. 44.) On November 18, 2010, Edwards served Sutton. (Doc. 46.) However, Sutton has not answered, and the court entered an order of default against Sutton at a motion hearing on February 8, 2011.

At the February 8 hearing, the court raised the question whether the case could be dismissed without prejudice to filing in state court if the claim against defendant Sutton was resolved with the entry of a default judgment. All parties agreed that there was no need to proceed against the remaining defendants in federal court; however, defense counsel expressed some concern that a default judgment against Sutton might have adverse legal consequences for the remaining defendants. Defendants asked that the court rule on the pending motion to dismiss before entering a default judgment.

As defendants point out in their motions, Edwards must allege two elements to state a cause of action

| STATEMENT |
|---|

under § 1983: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Defendants argue that Edwards has not adequately pled facts suggesting that Sutton was acting under color of state law. Edwards counters that these defendants do not have "standing" to challenge the allegations directed at Sutton. Edwards' standing argument is unsupported by authority, but, in any event, the court denies the motions to dismiss.

A defendant may be found to act under color of state law "when the state has cloaked the defendant[ ] in some degree of authority—normally through employment or some other agency relationship." *Case*, 327 F.3d at 567. The defendant's actions must be "in some way 'related to the performance of [state] duties.'" *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) (quoting *Briscoe v. LaHue*, 663 F.2d 713, 721 n.4 (7th Cir. 1981)). Edwards' complaint alleges precisely what is required. Edwards alleges that Sutton was employed by CTA, a municipal corporation. (Compl. ¶ 3.) According to the complaint, Sutton was aboard a CTA train with a security dog when he encountered Edwards. (Compl. ¶¶ 8-10.) Sutton and another security guard questioned Edwards, and Sutton eventually removed Edwards from the train. (Compl. ¶¶ 11-12.) Although not detailed, the allegations are not conclusory. In order to survive a motion to dismiss, a plaintiff need only plead enough facts to show a plausible entitlement to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). The court must accept as true all facts pled in the complaint and draw all reasonable inferences in the plaintiff's favor. *Id.* at 1081. From these facts, it is plausible to infer that Sutton was a CTA employee and was performing his duties when he detained Edwards.

Defendants also note that Edwards has misnumbered some of the paragraphs in the complaint causing some confusion about which allegations are directed at which defendants. Edwards has sought leave to file a Fifth Amended Complaint which corrects the numbering error. The court grants Edwards leave to file the amended complaint.

At the end of Securitas' motion, it lists the elements of a state law malicious prosecution claim and then asserts that Edwards has failed to allege several of the elements. Securitas provides no authority or argument to support this assertion. Edwards completely fails to respond. The court declines to address an argument which the parties have not adequately briefed.

It now appears that all that remains of this case is (1) to enter a default judgment against Sutton and (2) to dismiss the remaining state law claims without prejudice to be pursued in state court. Because Edwards' damages are not liquidated, he will need to prove-up the amount of damages at a hearing. After the default judgment is entered, the court will dismiss the remaining defendants. To address defendants' concerns regarding the effect of the default judgment, the court notes that no findings of fact have been made in this case, and an order of default was entered based solely on Sutton's failure to appear.